ARTHUR C. BURNS *v*. RELIANCE LIFE INSURANCE COMPANY

(No. 9022)

Submitted October 9, 1940. Decided December 14, 1940.

*A. C. McIntire, R. Gray Williams* and *J. Sloan Kuyken-dall,* for plaintiff in error.

*Martin, Seibert & Beall,* for defendant in error.

KENNA, JUDGE:

This is a proceeding by notice of motion for judgment brought by the plaintiff, Arthur C. Burns, against the defendant, Reliance Life Insurance Company of Pittsburgh, in the Circuit Court of Berkeley County for the purpose of recovering a guaranteed monthly income alleged in plaintiff's notice to have been due and payable by virtue of the terms of a contract entered into on the tenth day of May, 1915. This writ was granted to a judgment of *nil capiat* upon a directed verdict.

According to the allegations contained in the notice, the guaranteed monthly income claimed by the plaintiff accrued subsequent to July 23, 1937, and aggregated fifteen hundred and two dollars. The specification of defense filed by the defendant, among other things, takes the position that the contract declared upon was terminated by each of two written agreements entered into between the same parties, the one on February 20, 1924, and the other on the ninth of September, 1935. They are both in the record. Both of the subsequent contracts of employment are upon a stereotyped printed form, admittedly prepared by the defendant insurance company. The one entered into in 1924 contains in this final paragraph the following printed provisions:

"This agreement shall take effect on the 20th day of February, 1924, and all previous communications between the parties hereto, verbal or written, are hereby abrogated and withdrawn, and this agreement, when duly signed and approved, constitutes the agreement between the parties hereto, and no modification of this accepted agreement shall be binding upon the parties hereto, or either of them, unless in writing hereon duly accepted by the second party and approved by the proper officers of the first party."

The later agreement of September 9, 1935, was drafted upon the same sort of form and contained a practically identical provision.

The plaintiff in error contends that the provision abrogating previous "communications" between the defendant and the plaintiff is based upon ambiguous language and that being a part of a printed form prepared by the defendant insurance company, it is to be interpreted by resolving a doubtful meaning against the company's interests.

The principle of law relied upon by the plaintiff, of course, is admitted, but the sweeping language of the quoted paragraph of the contract, we think leaves no doubt that the parties intended the written agreement of 1935 when executed, as well as the contract of 1924 at that time, to take the place and stand in lieu of all previous understandings upon which the employment of Burns rested. We do not believe that it is necessary to consider the showing that the defendant insurance company made upon the assumption that if all three of the written agreements were in effect, each forming a part of the understanding between the plaintiff and the defendant insurance company, that still the plaintiff, Burns, had been guilty of a breach of contract prior to the twenty-third day of July, 1937, and therefore was entitled to no guaranteed monthly income after that time, nor to the two letters received by Burns from the defendant company and claimed by him to be a recognition of the 1915 contract as still being in effect. We believe that the decision of this appeal rests upon the fact that the plaintiff, in his notice of motion, predicated his recovery upon the stated claim that under the 1915 contract, the amount due him accrued after July 23, 1937, while the record shows that at the time of the claimed accrual, the contract of 1915 had been terminated and was not in effect.

The trial court permitted great latitude as to the introduction of testimony and carefully considered the legal questions raised, including the question of whether the contract could be terminated by either party upon notice

in accordance with its terms or whether another provision contained in the writing to the effect that the contract could only be terminated for specified named reasons was controlling, so that it could not be otherwise terminated.

Being of the opinion, as stated, that the contract sued upon was abrogated by the subsequent written agreement entered into between the same parties on the twentieth day of February, 1924, the judgment of the Circuit Court of Berkeley County that the plaintiff take nothing is affirmed.

*Affirmed.*